

# In the Court of Criminal Appeals of Texas

---

NOS. WR-93,889-01 & -02

---

## EX PARTE WESLEY NATHANIAL HOLT,

*Applicant*

---

ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 24110A & 24464A IN THE 91st DISTRICT COURT
FROM EASTLAND COUNTY

---

YEARY, J., filed a concurring opinion, in which KELLER, P.J., and SLAUGHTER, J., joined.

In 2015, Applicant was placed on deferred adjudication community supervision for the offense of possession with intent to deliver methamphetamine. In 2017, Applicant was placed on deferred adjudication community supervision for aggravated sexual assault of a child. In 2018, Applicant's deferred adjudication community supervision

was revoked in both cases, he was adjudicated guilty of both offenses, and he was sentenced to 15 years imprisonment and to 14 years imprisonment for those offenses, respectively.

In June of 2022, Applicant filed an application for writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his application, he contends that his pleas in each case were involuntary because his trial counsel, who were different lawyers in each case, provided ineffective assistance.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's first plea occurred in 2015, and his second plea occurred in 2017, but this writ application was not filed until almost 7 years later in one case and 5 years later in the other.[1] The record is also silent regarding circumstances that may excuse Applicant's delay. At least some explanation for the long delay in filing should be provided.

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

Consistent with this Court's precedent, the trial court "may *sua sponte* consider and determine whether laches should bar relief." *Smith*, 444 S.W.3d at 667. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. *Id.* at 670. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**              August 24, 2022
**DO NOT PUBLISH**